## HORLICK'S MALTED MILK CORPORATION v. HORLUCK'S, Inc.

### No. 657.

District Court, W. D. Washington, N. D.
July 11, 1931.

Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill., and Palmer, Askren & Brethorst, of Seattle, Wash., for plaintiff.

C. A. Reynolds, Harry Ballinger, Charles T. Hutson, and George H. Boldt, all of Seattle, Wash., for defendant.

This matter is now before the court upon the settlement of the decree as to the nature of the accounting, the court having held the defendant had unfairly competed with plaintiff in its business by defendant's use of the word "Horluck's" in association with the words "Malted Milk," although the surname of the organizers and principal stockholders of defendant was "Horluck." 43 F.(2d) 767, 769. In so holding, the court said:

"The admitted fact that before defendant's acts complained of the words 'Horlick's Malted Milk' [plaintiff's trade named product] had come to mean and be understood as descriptive of plaintiff's product and no oth-er, coupled with the similarity of the names 'Horlick' and 'Horluck,' makes it reasonably certain that advertising by the defendant, such as above set out, with the word 'Horluck's' prominently and closely associated with the words 'Malted Milk,' would mislead a part of the buying public. Therefore, if no more were shown, it is to be presumed that defendant intended to so mislead."

Plaintiff now contends that the decree should provide for an accounting for defendant's profits. The defendant objects, contending that in no event is defendant liable to account for more than the damage which the plaintiff has suffered by the defendant's unfair competition.

Plaintiff cites Nims, on Unfair Competition, page 1078; N. K. Fairbank Co. v. Windsor et al. (C. C. A.) 124 F. 200, 202; N. K. Fairbank Co. v. Luckel et al. (C. C. A.) 102 F. 327, 331; Photoplay Publishing Co. v. La Verne et al. (C. C. A.) 269 F. 730, 732; Manitowoc Pea-Packing Co. v. William Numsen & Sons (C. C. A.) 93 F. 196; P. E. Sharpless Company v. Lawrence (C. C. A.) 213 F. 423; Singer Mfg. Co. v. June, 163 U. S. 169, 200, 16 S. Ct. 1002, 41 L. Ed. 118; Hamilton-Brown Shoe Co. v. Wolf Brothers & Co., 240 U. S. 251, 259, 36 S. Ct. 269, 60 L. Ed. 629; Matzger v. Vinikow (C. C. A.) 17 F.(2d) 581, 584; J. F. Rowley Co. v. Rowley (C. C. A.) 193 F. 390, 392; Julius Kessler & Co. v. Goldstrom (C. C. A.) 177 F. 392; Gehl v. Hebe Co. (C. C. A.) 276 F. 271; Nims on Unfair Competition, page 1076, and page 1027; Wallace & Co. v. Repetti, Inc. (C. C. A.) 266 F. 307; Bunch v. United States (C. C. A.) 252 F. 673, 678; 21 Corpus Juris, 217; Brown v. County of Buena Vista, 95 U. S. 157, 160, 24 L. Ed. 422; Faulder & Co., Ltd. v. O. and G. Rushton, Ltd., 20 R. P. C. 477, 490; Weingarten Bros. v. Charles Bayer & Co., 22 R. P. C. 341, 350; Sawyer v. Kellogg (C. C.) 9 F. 601, 602.

Defendant cites Sharpless Company v. Lawrence (C. C. A.) 213 F. 423; Rubber Company v. Devoe et al. (D. C.) 233 F. 150; Prest-O-Lite v. Bournonville (D. C.) 260 F. 442; Rushmore v. Badger Company (C. C. A.) 198 F. 379; Matzger v. Vinikow (C. C. A.) 17 F.(2d) 581; Wrigley Company v. Larson Company (D. C.) 5 F.(2d) 731; Straus v. Notaseme Hosiery Company, 240 U. S. 179, 36 S. Ct. 288, 60 L. Ed. 590; Saxlehner v. Siegel-Cooper Company, 179 U. S. 42, 21 S. Ct. 16, 45 L. Ed. 77; Fairbank Company v. Windsor (C. C. A.) 124 F. 200; Ammon & Person v. Narragansett Company

358

(D. C.) 254 F. 208; Pease v. Scott Company (D. C.) 5 F.(2d) 524; Globe-Wernicke Co. v. Safe-Cabinet Co., 110 Ohio St. 609, 144 N. E. 711; Jones v. Roshenberger, 82 Ind. App. 97, 144 N. E. 858; Dickey v. Mutual Film Corp., 186 App. Div. 701, 174 N. Y. S. 784; Ludington v. Leonard (C. C. A.) 127 F. 155; Keystone Foundry v. Portland Company (C. C.) 180 F. 301, 304; Gaines & Co. v. Rock Spring Company (C. C. A.) 226 F. 531, 543; Peninsular Chemical Co. v. Levinson (C. C. A.) 247 F. 658; Southern Machinery Company v. Fay Stocking Co. (C. C. A.) 259 F. 243, 246; Ammon & Person v. Narragansett Company (C. C. A.) 262 F. 880, 884; Marshall Company v. D'Arcy (C. C. A.) 280 F. 945; O'Sullivan Company v. Genuine Rubber Company (C. C. A.) 287 F. 134; I. T. S. Co. v. Tee Pee Rubber Co. (C. C. A.) 288 F. 794; Dickinson v. O. & W. Thum Co. (C. C. A.) 8 F.(2d) 570; G. & C. Merriam Co. v. Ogilvie (C. C. A.) 170 F. 167; Kessler & Co. v. Goldstrom (C. C. A.) 177 F. 392; Reed Shoe Co. v. Frew (C. C.) 158 F. 552; Hennessy v. Wine Growers' Ass'n (D. C.) 212 F. 308; Vogue Co. v. Thompson-Hudson Co. (C. C. A.) 300 F. 509; Rosenberg Bros. v. Elliott (C. C. A.) 7 F.(2d) 962; Rowley v. Rowley (C. C. A.) 18 F.(2d) 700; International Silver Company v. Rogers Corporation, 66 N. J. Eq. 140, 57 A. 725; Regis v. Jaynes, 191 Mass. 245, 77 N. E. 774; International Silver Company v. Rogers Corporation, 67 N. J. Eq. 646, 60 A. 187, 110 Am. St. Rep. 506, 3 Ann. Cas. 804; Rubber & Celluloid Harness Trimming Co. v. Rubber-Bound Brush Co., 81 N. J. Eq. 419, 519, 88 A. 210, 213, Ann. Cas. 1915B, 365; Hilton v. Hilton, 90 N. J. Eq. 564, 107 A. 263, 264; Worcester Brewing Corp. v. Rueter (C. C. A.) 157 F. 217; Ferguson Company v. Scriven Co. (C. C. A.) 165 F. 655; Layton Pure Food Co. v. Church & Dwight Co. (C. C. A.) 182 F. 24; Saxlehner v. Eisner & Mendelson Company, 179 U. S. 19, 21 S. Ct. 7, 45 L. Ed. 60; Menendez v. Holt, 128 U. S. 514, 9 S. Ct. 143, 32 L. Ed. 526; McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828; Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 S. Ct. 357, 60 L. Ed. 713; United Drug Co. v. Rectanus Co., 248 U. S. 90, 39 S. Ct. 48, 63 L. Ed. 141; New York Grape Sugar Co. v. Buffalo Grape Sugar Co. (C. C.) 18 F. 638 at page 646; De Kuyper v. Witteman (C. C.) 23 F. 871; Keller v. Stolzenbach (C. C.) 28 F. 81, 82; Covert v. Travers Bros. Co. (C. C.) 96 F. 568, 569; Weber Medical Tea Co. v. Weber et al. (C. C.) 102 F. 156; Pontefact et al. v. Isenberger (C. C.) 106 F. 499; Worcester Brewing Corp. v. Rueter & Co. (C. C. A.) 157 F. 217; Eagle White Lead Co. v. Pflugh (C. C.) 180 F. 579 at page 586; Layton Pure Food Co. v. Church & Dwight Co. (C. C. A.) 182 F. 35 at page 41, 32 L. R. A. (N. S.) 274; Aunt Jemima Mills Co. v. Rigney & Co. (C. C. A.) 247 F. 407 at page 412, L. R. A. 1918C, 1039; Wolf, Sayer & Heller v. United States Slicing Mach. Co. (C. C. A.) 261 F. 195 at page 197; Ansehl v. Williams (C. C. A.) 267 F. 9 at page 13; Nat. Circle, Daughters of Isabella, v. Nat. Order, D. I. (C. C. A.) 270 F. 723 at page 733; George J. Meyer Mfg. Co. v. Miller Mfg. Co. (C. C. A.) 24 F.(2d) 505 at page 507; Temco Mfg. Co. v. National Electric Ticket Register Co. (D. C.) 33 F. (2d) 777 at page 778; Merriam v. Smith (C. C.) 11 F. 588, 589; Low v. Fels (C. C.) 35 F. 361; Allen v. Walker & Gibson (D. C.) 235 F. 230; 66 A. L. R. at page 1028; Bissell Plow Works v. Bissell Plow Co. (C. C.) 121 F. 357; Regis v. Jaynes, 191 Mass. 245, 77 N. E. 774; Nims on Unfair Competition, page 1078.

CUSHMAN, District Judge.

Upon the main case this court held:

"The defendant has a right to use the name of 'Horluck' in its business and to advertise in conjunction its name and its business and if confusion on the part of a portion of the buying public results because of the similarity in the names 'Horlick' and 'Horluck' after all has been done that reason and equity require to avoid confusion, even though the unavoidable confusion works to defendant's advantage and plaintiff's loss, plaintiff has no remedy because of it. It is not necessary that plaintiff prove defendant's actual intent to mis-lead buyers to defendant's profit and plaintiff's loss. Men are presumed to intend the natural consequences of their voluntary acts."

The court has found that the defendant committed a tort in unfairly competing with plaintiff. The plaintiff is therefore entitled to full compensation for the damages which it has suffered. To decree plaintiff the defendant's profits would be to punish defendant and not to compensate the plaintiff.

Conceding, that a court of equity, in a proper case, may decree the recovery of his profits from a defendant, the question still remains, Has it been shown by the requisite amount of evidence that the conduct of the defendant herein has been so culpable—so willfully fraudulent—as to merit such decree?

The first mistake, if monopoly was the aim, was made by the predecessors of plaintiff in adopting an individual name—a surname—that of the founders of the business, as a trade name. Its goods so marked were "distinguished" from the goods of all others just so long as a man of the same or a similar name did not engage in the same business, using his name in that business.

Being long first in the field, time and the results worked in the course of time partly cured this mistake, and the defendant, because of this, is no longer entirely free to associate the surname of its founders with its business as it sees fit. Plaintiff will be protected by a court of equity from loss on account of that confusion which its predecessor in the first instance invited in adopting the use of an individual name—a surname—to designate its wares, but though a court of equity will not only enjoin defendant from further unfair competition, but will do complete justice and aid in restoring to plaintiff that which it has lost through defendant's failure to do all that was reasonable to distinguish its from plaintiff's goods, it does not follow that plaintiff should recover defendant's profits.

Plaintiff is entitled to an injunction and its damages, because it has been shown to be so entitled by a fair preponderance of the evidence. It cannot recover defendant's profits unless it has been shown beyond a reasonable doubt that defendant was guilty of willful fraud in the use of the enjoined trade-name.

The statutes of the state of Washington (Remington's Compiled Statutes of Washington, 1922, §§ 9976 to 9980, inclusive) make it unlawful for a person to conduct or transact business in this state under any other than his own name unless he shall file a certificate in the office of the county clerk.

Each man in the court of conscience is "counsel for himself" and his conclusions regarding his rights and duties with relation to the rights of others may be much distorted short of willful fraud. The right to deny to a man the free use of his own name in connection with his business is not so plain and clear as to show willful fraud, although he may be fully aware of the use by another of a similar name in a similar business. Under such circumstances, the sword of equity is free to lop off the objectionable practice and to enforce the restoration of damages suffered by the earlier user of the trade-name in question, but it will not touch his shoulder and bid him rise up a knight errant to avenge, for in such a case it is not equity to create a private prosecutor, for his sense of duty is also likely to be distorted when he receives a reward in proportion to the punishment he inflicts.

The evidence in this case has not shown beyond a reasonable doubt willful fraud on the part of the defendant.

Paragraph 2 of the submitted form of decree, which paragraph provides:

"That the plaintiff recover from the defendant Horluck's Inc., all profits derived by the defendant from the operation of its shops under the names Horluck's Malted Milk Shops or Horluck's Malted Milk, and that this cause be and it is hereby referred to —————— as Master to ascertain and assess said profits, with full power to subpoena and order the attendance of witnesses, the taking of depositions and the production of books, papers and documents pertinent to ascertaining and assessing said profits, and to report to this court the amount of said profits when ascertained and assessed."

—not being in conformity with the conclusions herein reached, the decree will not be signed as submitted.

Any further hearing upon the settlement of the decree will be upon notice.

The clerk is directed to notify the attorneys for the parties of this ruling.